On petitioner's petition for attorney fees filed July 3, respondents' objections to petition for attorney fees filed July 11, and petitioner's reply to objection to petition for attorney fees filed July 17, petition for attorney fees allowed October 2, 2002

## Don TOWRY,
*Petitioner,*

*v.*

## Jeff KISER
and Lynzi Kiser,
*Respondents.*

## 99-1289-D-2; A111194

55 P3d 509

Clayton C. Patrick for petition.

Paul L. Henderson, P.C., *contra*.

Before Brewer, Presiding Judge, and Wollheim and Kistler, Judges.

BREWER, P. J.

## BREWER, P. J.

Grandfather seeks attorney fees after prevailing in parents' appeal from a judgment denying them attorney fees in connection with their motion to modify grandparent visitation rights. *Former* ORS 109.121 (1999), *repealed by* Or Laws 2001, ch 873, § 2.[1] We grant grandfather's petition for attorney fees.

On April 14, 1999, grandfather filed a petition for grandparent visitation rights, seeking visitation with his granddaughter. The trial court entered an order granting visitation rights to grandfather on August 17, 1999. On February 1, 2000, parents filed a motion to modify and alternative motions to vacate and reconsider the judgment. The trial court entered a judgment vacating the visitation order. Parents then filed a petition for attorney fees. The trial court denied parents' request for attorney fees, because parents failed to allege their entitlement to attorney fees in a pleading as required by ORCP 68. Parents appealed, and we affirmed without opinion. *Towry v. Kiser*, 181 Or App 663, 49 P3d 851 (2002).

Grandfather seeks attorney fees on appeal under ORS 109.121(9). That statute provides that, "[i]n a proceeding under this section [concerning grandparent visitation], the court may assess against any party reasonable attorney fees and costs for the benefit of any other party." Grandfather argues that the order from which parents appeal was entered in a "proceeding" within the meaning of the statute.

Parents point out that ORS 109.121(9) applies only to court proceedings *commenced* on or after its effective date, October 23, 1999. *See* Or Laws 1999, ch 477, § 2. According to parents, the statute is inapplicable here because grandfather filed his petition for visitation before October 23, 1999, and the term "proceeding" as used in the statute refers to the original visitation proceeding. Alternatively, parents argue that grandfather's attorney spent an unreasonable amount of

---

[1] The 2001 legislature repealed ORS 109.121, Or Laws 2001, ch 873, § 2, and inserted replacement provisions into ORS 109.119. Or Laws 2001, ch 873, § 1. Current ORS 109.119(7)(b) is similar to *former* ORS 109.121(9). All references to ORS 109.121 are to the 1999 version of the statute.

time on the appeal, in light of the factors enumerated in ORS 20.075 and incorrectly calculated the total number of hours of attorney time spent.

ORS 109.121(9) authorizes an award of attorney fees in a "proceeding" concerning grandparent visitation rights. Whether parents' motion for modification was such a proceeding is a question of statutory construction. We begin by examining the text of the statute in context. *PGE v. Bureau of Labor and Industries*, 317 Or 606, 610-12, 859 P2d 1143 (1993). The legislature has not defined "proceeding" for purposes of ORS 109.121. However, the term has acquired two special legal meanings. *Icenhower v. SAIF*, 180 Or App 297, 301-02, 43 P3d 431 (2002), defines "proceeding":

> "In common usage when referring to legal matters, 'proceedings' means 'the course of procedure in a judicial action or in a suit in litigation: legal action' or 'a particular action at law or case in litigation.' *Webster's Third New Int'l Dictionary*, 1807 (unabridged ed 1993). The term can be properly understood not just as a matter of common usage but also as a term of art. In that sense, *Black's Law Dictionary*, 1221 (7th ed 1999) offers two pertinent definitions of 'proceeding':
>
>> " '1. The regular and orderly progression of a lawsuit, including all acts and events between the time of commencement and the entry of judgment.
>>
>> " '* * * * *
>>
>> " '3. An action or step that is part of a larger action.'
>
> "Thus, 'proceedings' can be plausibly understood to refer to the entire course of litigation or to individual steps within that process."

The plausible meanings of "proceeding" thus refer either to steps within a single action, for example, a pretrial show cause "proceeding" or, alternatively, to the entire course of litigation itself. It can be argued that a motion to modify a visitation judgment is a step in the process of awarding and changing grandparent visitation, making a

proceeding an individual step. If "proceeding" is so understood, the modification proceeding would have been commenced after the effective date of ORS 109.121(9), and we would have discretion to award attorney fees to grandfather.[2]

However, it also can be argued that a grandparent's visitation action consists of many steps, including motions to modify the award, making the entire course of litigation a single proceeding consisting of a series of steps. In that case, the entire grandparent visitation "proceeding" would have been commenced before the effective date of ORS 109.121(9), and grandfather would not be entitled to recover attorney fees.

The context of ORS 109.121(9) is not particularly enlightening. The only reference to motions for modification of visitation awards is found in ORS 109.121(5), which provides:

> "Any order creating visitation rights under this section shall be according to the court's best judgment of the facts of the case and shall include such conditions and limitations as it deems reasonable. In making *or modifying* such an order, the court shall be guided by the best interests and welfare of the child."

(Emphasis added.) That scant reference leaves unclear whether a motion for modification commences a discrete proceeding for the purpose of ORS 109.121(9).

The other provisions of ORS 109.121 are no more helpful. ORS 109.121(1) and (4) refer to other domestic relations "proceedings" with which a hearing on a petition for grandparent visitation rights can be consolidated, if brought during the pendency of the other proceeding. ORS 109.121(1)(b) provides that a petition for grandparent visitation rights may be filed during the pendency of a domestic relations suit or a specified proceeding. Included among the statutory proceedings listed in ORS 109.121(1)(b) are actions

---

[2] Although ORS 109.121(9) does not itself refer to an award of attorney fees on appeal, we nonetheless are authorized to award attorney fees to the prevailing party on appeal. *See* ORS 19.440.

for child or spousal support (ORS 108.110), actions for support of a child (ORS 109.100), proceedings to determine custody or support of a child (ORS 109.103), filiation proceedings (ORS 109.125) and juvenile dependency and delinquency proceedings (ORS 419B.400 and ORS 419C.590). ORS 109.121(4) provides, in part, that "[w]hen the petition has been filed under subsection (1)(b) of this section, the court may conduct the hearing on the petition as part of the proceeding or as a separate proceeding * * *." In combination, ORS 109.121(1) and (4) make clear that an action to establish grandparent visitation rights is a "proceeding," but they do not resolve whether a motion to modify such rights is a separate "proceeding." Because both meanings of "proceeding" remain plausible after a review of the text and context of ORS 109.121(9), the statute is ambiguous. We therefore turn to its legislative history. *PGE*, 317 Or at 611-12.

That history resolves the issue. Testifying before the House Judiciary Committee on Civil Law, the sponsor of ORS 109.121(9) stated that it

"allows but does not require a court to award attorneys' fees in grandparent visitation actions under ORS 109.121. An attorney fees and cost provision is available in virtually all the other family law *proceedings, including* dissolution, separations, child and spousal support *and modifications of these actions*. [The bill] simply conforms grandparent visitation to other procedures in family law."

Tape Recording, House Judiciary Committee on Civil Law, SB 784, May 3, 1999, Tape 145, Side A (statement of Kate Brown) (emphasis added). Senator Brown's testimony indicates that ORS 109.121(9) was intended to authorize the court to award attorney fees both in original grandparent visitation proceedings and, as a separate matter, in connection with proceedings to modify visitation awards.

Accordingly, we conclude that parents' motion to modify the visitation award commenced a proceeding under ORS 109.121, and we have discretion to award attorney fees to grandfather, the prevailing party on appeal. Because the amount of fees sought is reasonable and correctly calculated and parents raise no other colorable objection, we award attorney fees to grandfather in the sum of $4,377.

Petition for attorney fees allowed.